## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY SUTTON, d/b/a CINKAJ** | : | **Civil No. 1:14-CV-1584** |
| **BROGUE LIMITED PARTNERSHIP,** | : | |
| **BRENDA SUTTON d/b/a CINKAJ** | : | **(Magistrate Judge Carlson)** |
| **BROGUE LIMITED PARTNERSHIP,** | : | |
| **CHRIS CINKAJ, d/b/a/  CINKAJ** | : | |
| **BROGUE LIMITED PARTNERSHIP,** | : | |
| | : | |
|     **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHANCEFORD TOWNSHIP, et al.,** | : | |
| | : | |
|     **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.     Introduction

Currently before this Court is the plaintiffs' motion to strike certain affirmative defenses enumerated by the defendants in this case. (Doc. 44.) Specifically, in this motion, the plaintiffs move pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike a series of affirmative defenses which were outlined by the defendants in the defendants' answer to this complaint, alleging that these defenses which are outlined in a summary fashion, fail as a

matter of law.[1]  In their motion to strike, the plaintiffs launch a twofold attack upon these affirmative defenses, arguing that they are insufficiently pleaded, since the affirmative defenses are set forth in a boilerplate fashion, and further contending that some of these affirmative defenses are waived because they have not been presented prior to the filing of the defendants' answer.  For the reasons set forth below, this motion to strike will be granted, in part, and denied, in part.

## II.  **Background**

The plaintiffs in this action are a group of real estate developers and co-owners of a business known as Cinkaj Brogue Limited Partnership (referred to collectively as "plaintiffs" or "developer").  The plaintiffs own a shopping center development in Chanceford Township, York County, Pennsylvania.  The plaintiffs allege that in 2013 their partnership was denied a zoning permit necessary to open a cabaret featuring nude dancing in the shopping center.  The plaintiffs have sued Chanceford Township and several of its officials alleging that that Township's denial of their request for a special exception needed to open their intended adult entertainment business violated their rights under the United States and Pennsylvania Constitutions.  The plaintiffs' chief argument seems to be that the Chanceford Township zoning ordinance operates as a prior restraint on protected

---

[1] These affirmative defenses include:  failure to state a claim; statute of limitations; qualified immunity; equitable estoppel; collateral estoppel; unclean hands; immunity; laches; failure to plead punitive damages; and failure to state official capacity claims.

speech, and thereby violates the First Amendment.  The plaintiffs have also made a claim that the ordinance, as applied to their application, violated the plaintiffs' rights under the First Amendment, in particular by arguing that the stated bases given for denying the special exception were pretextual cover for the real reason the permit was denied, namely, a moral aversion to allowing the plaintiffs' to open a business that featured nude dancing.  The plaintiffs seek damages and declaratory relief.

Following the resolution of a number of preliminary motions to dismiss, the defendants filed an answer to the complaint with identified some 25 affirmative defenses.  (Doc.39.)  The plaintiffs have now moved to strike a number of these affirmative defenses, arguing that the defenses are either insufficiently pleaded or have been waived by the defendants.  (Doc. 44.)  This motion to strike is now fully briefed (Docs. 44 and 46.) and is, therefore, ripe for resolution.

For the reasons set forth below, the motion to strike will be granted, in part, and denied, in part.

### III.   Discussion

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

      While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles.  Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored."  Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982).  As one court has aptly observed:  "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)).  See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).  In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party.  Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

      In this case, the plaintiffs move to strike a litany of affirmative defenses listed by the defendants in their answer to the complaint.  In support of this motion,

the plaintiffs argue that these affirmative defenses have not been pleaded with the type of specificity and precision needed to state a claim upon which relief may be granted. The difficulty with this argument as it is framed by the plaintiffs, however, is that it confuses the pleading standards required of complaints with the separate, and lesser, standard of pleading called for when enumerating affirmative defenses. As this Court has observed:

> A textual analysis of Rule 8's different terms and requirements for pleading claims and asserting affirmative defenses demonstrates why different standards apply. Federal Rule of Civil Procedure 8(a) states: "[a] pleading that states a claim for relief must contain ... a short and plain statement showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2) (emphasis added). In its Iqbal and Twombly decisions, the Supreme Court focused on this "showing" requirement when establishing the plausibility standard for pleading claims. See Iqbal, 556 U.S. at 678–79, 129 S.Ct. 1937; Twombly, 550 U.S. at 555 n. 3, 127 S.Ct. 1955; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir.2008) (" 'Plausibility' is related to the requirement of a Rule 8 'showing.' "). In contrast, Rule 8(c) applies to affirmative defenses and requires a party only to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c) (emphasis added). Therefore, the plausibility standard applicable to pleading claims based on a "showing" does not apply to affirmative defenses that a party must merely "state." Courts that do not apply the plausibility standard to affirmative defenses often decline to do so on these grounds. See, e.g., Tyco Fire Prods. LP v. Victaulic Co., 777 F.Supp.2d 893, 900–902 (E.D.Pa.2011).

Mifflinburg Tel., Inc. v. Criswell, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015). Therefore, "[a] party may satisfy the fair notice requirement by including a short and plain statement of the grounds for asserting an affirmative defense that

demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings. The statement need not rise to the level of plausibility, but allegations must exist somewhere in the pleadings such that parties and the court may draw a logical inference from the asserted defenses to the events underlying litigation. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.)." Id. at 574. However, even under this lesser standard of pleading which is applicable to affirmative defenses, this Court has held that an answer which "merely list[s] these defenses out in rote fashion and do not state in any way why defendants are entitled to them," is legally insufficient and may be stricken. Peoples State Bank of Wyalusing, PA v. Wellsburg Truck Auto Sales, Inc., No. 3:10-CV-433, 2010 WL 4922877, at *4 (M.D. Pa. Nov. 29, 2010). When the court is presented with affirmative defenses set forth in a summary manner that are entirely unmoored to the facts of the case, the better course is to strike the affirmative defenses without prejudice to the defendants amending their answer to include "citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case in any way." Mifflinburg Tel., Inc. v. Criswell, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015).

In this case, upon consideration of the defendants' sixth, eighth, ninth, tenth and seventeenth affirmative defenses--which recite in a summary fashion affirmative defenses based upon statute of limitations; equitable estoppel; collateral

estoppel; unclean hands; and laches—we find that the litany of these defenses is done in a rote fashion without any citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the facts of this case. Therefore, as to these affirmative defenses we agree that the defenses should be stricken without prejudice to renewal by the defendants upon a showing that some facts give rise to the defense in this particular case.

However, with respect to the defendants' eighteenth affirmative defense, which asserts that the plaintiffs are not entitled to punitive damages, we believe that the answer read as a whole provides a factual basis for concluding that this defense may be applicable to the instant case. Therefore, a motion to strike this defense will be denied. Likewise we believe that the answer, construed as a whole, provides citation to other facts from which an inference may arise that defenses based upon qualified immunity would be logically related to the case. Therefore, the motion to strike the seventh and thirteenth affirmative defenses will be denied. Further, we conclude that the defendants have not waived any defense premised upon the settled notion that official capacity damages claims may not be brought against governmental officials in their official capacity. In our view this particular affirmative defense is not one of those defenses which must be raised prior to the filing of an answer. <u>See</u> Rule 12(h)(1), Federal Rules of Civil Procedure.

Therefore, this defense, which is set forth as the defendants' twenty-fourth affirmative defense, is not deemed waived and will not be stricken. [2]

An appropriate order consistent with this memorandum follows:

## IV.   <u>Order</u>

Accordingly, for the foregoing reasons, the plaintiffs' motion to strike is GRANTED in part and DENIED in part as follows:  the motion is GRANTED with respect to defendants' sixth, eighth, ninth, tenth and seventeenth affirmative defenses--which recite in a summary fashion affirmative defenses based upon statute of limitations; equitable estoppel; collateral estoppel; unclean hands; and laches—but without prejudice to the filing of an amended answer renewing these affirmative defenses upon a showing that some facts give rise to the defenses in this particular case.   The motion is DENIED with respect to the defendants' seventh, thirteenth, eighteenth and twenty fourth affirmative defenses.

*/s/  Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated:  February 28, 2017

---

[2] Finally, we note that the plaintiffs also moved to strike the defendants' first affirmative defense, an assertion that the plaintiffs' complaint failed to state a claim upon which relief may be granted.  Our resolution of the motion to dismiss filed in this case has addressed this question, and we now regard this issue as moot.