# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY SUTTON, d/b/a CINKAJ BROGUE LIMITED PARTNERSHIP,** | : | Civil No. 1:14-CV-1584 |
| **BRENDA SUTTON d/b/a CINKAJ BROGUE LIMITED PARTNERSHIP,** | : | (Magistrate Judge Carlson) |
| **CHRIS CINKAJ, d/b/a/ CINKAJ BROGUE LIMITED PARTNERSHIP,** | : | |
| **Plaintiff** | : | |
| v. | : | |
| **CHANCEFORD TOWNSHIP, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

**I.      INTRODUCTION AND STATEMENT OF THE CASE**

The plaintiffs in this action are a group of real estate developers and co-owners of a business known as Cinkaj Brogue Limited Partnership (referred to collectively as "plaintiffs" or "developer"). The plaintiffs own a shopping center development in Chanceford Township, York County, Pennsylvania. The plaintiffs allege that in 2013 their partnership was denied a zoning permit necessary to open a cabaret featuring nude dancing in the shopping center. The plaintiffs have sued Chanceford Township and several of its officials alleging that that Township's denial of their request for a special exception needed to open their intended adult

entertainment business violated their rights under the United States and Pennsylvania Constitutions. The plaintiffs' chief argument seems to be that the Chanceford Township zoning ordinance operates as a prior restraint on protected speech, and thereby violates the First Amendment. The plaintiffs have also made a claim that the ordinance, as applied to their application, violated the plaintiffs' rights under the First Amendment, in particular by arguing that the stated bases given for denying the special exception were pretextual cover for the real reason the permit was denied, namely, a moral aversion to allowing the plaintiffs to open a business that featured nude dancing. The plaintiffs also claim that their rights to procedural and substantive due process were violated, and that the defendants violated similar prohibitions contained in the Pennsylvania Constitution regarding freedom of expression. The plaintiffs seek damages and declaratory relief.

The action was first filed on August 12, 2014. (Doc. 1.) The original complaint was subsequently amended on June 28, 2016. (Doc. 19.) On August 5, 2016, the parties consented to proceed before a United States Magistrate Judge, and the case was transferred to the undersigned for all further proceedings. (Doc. 25.) The Court promptly issued a case-management order setting pre-trial deadlines, including a discovery schedule, and scheduling trial for July 17, 2017. (Doc. 26.)

The defendants moved to dismiss the amended complaint on July 18, 2016. (Doc. 21.) That motion was not fully briefed until October 27, 2016, and on December 14, 2016, the Court granted the motion in part, and denied it in part. (Docs. 37, 38.) Specifically, the Court dismissed the plaintiffs' claim for equal protection and procedural due process violations, as well as a stand-alone claims alleging violations of 42 U.S.C. § 1983. (Doc. 38.) The Court denied the defendants' motion to dismiss with respect to the plaintiff's claims for substantive due process and First Amendment violations, declaratory judgment, and for violations of the Pennsylvania Constitution. (Id.)

The defendants answered the remaining claims in the amended complaint on January 3, 2017. (Doc. 40.) On January 11, 2017, the Court issued a revised case-management order, pushing out the close of fact discovery to March 31, 2017, and moving the trial date to November 13, 2017. (Doc. 42.)

The parties proceeded to spar over additional pleading issues, and appeared to engage in some modest discovery, before requesting another revision to the case-management order, ostensibly to permit them to complete discovery; in particular, depositions. On June 1, 2017, the Court granted that last request, in part, extending the deadline for fact discovery to July 5, 2017, and instructing the parties that if they could not come to an agreement about how to complete the remaining discovery by that time, they were to report to the Court regarding the

need for any further adjustment to the pre-trial schedule, by June 23, 2017. (Doc. 57.)

Additional discovery disputes followed, right up to the end of the discovery deadline, which by this point had been adjusted on multiple occasions. It was also during this time that it became apparent that the plaintiffs had taken no depositions in this case, and had only belatedly served interrogatories and document requests in the middle of June 2017, causing further disputes and prompting the defendants to take the position that the discovery was untimely because it would have called for a response falling after discovery was to be have been closed. The table was thus set for yet another discovery dispute, and the likelihood of additional delays in the litigation of this case.

Thereafter, on August 1, 2017, the defendants moved for summary judgment. (Doc. 67.) After the defendants filed their supporting brief and statement of facts, the plaintiffs, on September 1, 2017, filed a motion to complete discovery, as well as a motion for an enlargement of time to file their brief opposing summary judgment – something they now argued was impossible to do without taking depositions of three witnesses that the defendants had, according to the plaintiffs, belatedly identified. (Docs. 71, 72.) This, in turn, inspired a fresh round of briefing and letter writing by the parties, in which each side staked out its territory and argued that it was blameless in the procedural state of the case and

4

what appears to have been an incomplete discovery process. We need not linger over the details of the parties' assorted arguments and mutual recriminations, but it is notable that they included recriminations concerning significantly delayed disclosure of witness identities on the part of the defendants, which were made in a series of supplements to the defendants' initial disclosures, and the plaintiffs' insistence that their counsel did not receive timely or proper service of these disclosures, apparently because some of the disclosures were sent to email addresses that counsel claims to no longer check.[1]

The Court endeavored to informally bring order to this procedural situation through a telephone conference on September 25, 2017, after which all case-management deadlines were suspended pending the outcome of the defendants' summary judgment motion, which was itself bound up in the plaintiffs' motion for additional time to complete discovery – relief that the plaintiffs sought pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

---

[1] The Court is constrained to note that it also appears that the defendants endeavored to serve these disclosures upon plaintiffs' counsel using multiple email addresses, and that physical copies were also mailed. The Court is, at this juncture, concerned chiefly with ensuring that the limited discovery remaining is completed, and that the remaining claims in this case are subjected to fair consideration on the merits. Although that is the Court's central objective in this Order, the Court also emphasizes its expectation that the parties will take the steps necessary to ensure that there are no further disagreements regarding the place and manner for service of discovery and other documents in this case, and that the parties will meet and confer towards coming to an agreement on these straightforward issues so that no further delays may be attributed to matters of electronic communication or the exchange of physical mail between counsel.

It is this request for a brief – and final – enlargement of the discovery period in this case that is now before the Court.  Upon consideration, the Court finds that to some degree the parties share responsibility for the procedural status, with the defendants apparently having delayed in identifying witnesses on whom they would be relying until well after the original discovery periods had closed, and indeed until late spring and early summer of 2017.  The plaintiffs, in turn, seem to have adopted a pre-trial strategy that involved little in the way of planning for discovery in aid of their claims, as they took no depositions at all, and did not even begin serving interrogatories and document requests until mere days before the already extended discovery period was to close for what was expected to be the final time.

Now, the Court is in the position of determining whether the plaintiffs should be granted still more time to complete discovery in order to respond to the defendants' motion for summary judgment.  Upon consideration of the procedural history of this case, and the legal standards governing motions of this kind under Rule 56(d) of the Federal Rules of Civil Procedure, the Court finds that the interests of having the plaintiff's remaining claims tested on their merits warrants one final very discrete enlargement of the discovery period in this case, after which the defendants' motion for summary judgment may be fully briefed, and the Court can consider whether the plaintiffs have developed a factual record that allows

their claims to survive dismissal, or whether the defendants are entitled to judgment in their favor prior to trial.

## II. **DISCUSSION**

When a party opposing summary judgment "believes that s/he needs additional time for discovery, [Rule 56(d)] specifies the procedure to be followed." *Pa. Dep't of Public Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139 (3d Cir. 1988)). The rule provides specifically as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The rule works in concert with the well-established principle that courts are "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Dowling*, 855 F.2d at 139. This is so because the process that is envisioned by Rule 56 summary judgment practice "presupposes the existence of an adequate record." *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3d Cir. 2007). In one of its seminal trilogy of decisions defining modern summary judgment practice, the Supreme Court instructed that "[a]ny potential problem with . . . premature [summary judgment] motions can be adequately dealt

7

with under [Rule 56(d)]." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Accordingly, if the non-moving party believes that he requires additional discovery in order to respond to a motion for summary judgment, the "proper course is to file a motion pursuant to [Rule 56(f)]." *Abington Friends*, 480 F.3d at 257.

Where there are discovery requests outstanding or where relevant facts are under the control of the moving party, "[d]istrict courts usually grant properly filed [Rule 56(d)] motions as a matter of course." *Id.* (quoting *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994)). However, this is the practice followed in cases where the non-movant has made a showing that it requires discovery that was expected to provide relevant evidence necessary for the non-movant to oppose the motion effectively; where the non-moving party has claimed to need fact discovery, but that discovery would not be probative of the moving party's summary judgment argument, the motion may be denied. *Dowling*, 855 F.2d at 140.

In this case, the plaintiffs have represented that the defendants belatedly disclosed the identities of three witnesses, and that they have further relied upon evidence in the form of affidavits from two witnesses given after the close of discovery, which the plaintiffs now argue they cannot effectively contest without the opportunity to depose each of the five witnesses. There actually does not seem to be much in the way of a dispute that the disclosure of these witnesses happened

towards the end of discovery, and not until more than two years had passed since the case was filed. There also appears to be an element of delay on the part of the plaintiffs who ought to have come more promptly to the Court during the discovery period in order to obtain an enlargement if they were unable to come to an agreement on a discovery schedule with the defendants. There is, in the end, responsibility on both sides for the current procedural posture of this case, which presents the Court with the unattractive and disfavored opportunity to adjudicate a motion for summary judgment in a case that presents questions of constitutional law as applied to local land use decisions, and which has inspired litigation in both state and federal court, without the benefit of a fairly developed factual record.[2]

The plaintiffs' motion presents an opportunity for the Court and the parties to avoid this prospect, and to ensure that the important issues raised in this litigation, and in the defendants' motion for summary judgment, are given fair and full consideration on their factual merits and not on an underdeveloped record and procedural posturing that is predicated at least in part on delays that can be mutually attributed to all parties.

Specifically, the plaintiffs have requested the opportunity to take five depositions of witnesses whose identities and relevance to the case was made clear through belated supplemental disclosures, or in affidavits offered in support of the

---

[2] That parallel state proceeding is pending in the York County Court of Common Pleas and captioned *Sutton et al. v. PeoplesBank*, No. 2015-SU-000735-67.

defendants' motion for summary judgment on August 1, 2017, after discovery had closed. In summary, these witnesses and depositions are as follows:

The plaintiffs seek to depose Gilbert Malone, David Warner, and John Klinedinst. The plaintiffs have represented that there are conflicts between the information the plaintiffs have and the affidavits that these individuals have given, and merit some additional examination through deposition. The plaintiffs also seek to depose Harry Swift and Larry A. Miller, on the grounds that further examination of these witnesses is warranted based upon information taken from the depositions of multiple parties in both this action and the parallel state case that the parties are litigating in the York County Court of Common Pleas. The plaintiffs have also sought the opportunity to furnish limited and targeted documents requests regarding the process that Chanceford Township and its advisors and officials undertook with respect to the Township's Zoning Ordinance and changes that may have been made to it in 2000 and after, in order to challenge certain representations made in the witnesses' affidavits.

Because the Court finds that the interests of justice on balance tilt in favor of opening discovery for a final and fixed period to ensure that the factual record is sufficiently developed to make the summary judgment process both meaningful and fair, the plaintiff's Rule 56(d) motion will be granted, and briefing and further consideration of the defendants' motion for summary judgment will be deferred

pending the conclusion of that discovery process. The parties are expressly instructed that the Court intends for this to the be the final enlargement of discovery in this case without a particularized and compelling showing of need for additional relief, and expects that the parties will promptly meet and confer to begin scheduling the remaining discovery so that it is completed timely.

### III. ORDER

To that end, IT IS HEREBY ORDERED THAT the plaintiffs' motion for an extension of time to complete discovery in order to respond to the defendants' motion for summary judgment (Doc. 71) is GRANTED as follows:

1. Further briefing on the defendants' motion for summary judgment is STAYED pending completion of discovery in accordance with the deadlines prescribed by this Order.

2. The period for fact discovery shall be reopened immediately and shall close on **Friday, December 1, 2017**. The parties shall promptly meet and confer in order to schedule the five depositions that the plaintiffs have requested leave to take in order to develop the record and respond to the defendants' motion for summary judgment.

3. On or before **Friday, December 22, 2017**, the plaintiffs shall file a brief in opposition to the defendants' motion for summary judgment, together with a counterstatement of facts pursuant to Local Rule 56.1.

4. The defendants shall be permitted to file a reply brief in further support of their motion for summary judgment on or before **Friday, January 5, 2018**.

5. No further briefing on the motion for summary judgment shall be permitted without leave of Court.

IT IS FURTHER ORDERED that the plaintiffs' motion to strike the defendants' sur-reply and exhibits (Doc. 87) is DENIED as moot.

*/S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
